**BEHALA, Plaintiff-Appellant, v. ANTHONY et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Ashtabula County.

No. 500.   Decided March 13, 1953.

Arthur Rinto, Ashtabula, for plaintiff-appellant.
Conners & Clarke, Cleveland, for defendants-appellees.

## OPINION

Per CURIAM.

Plaintiff appealed from the judgment of the trial court, entered upon the jury's verdict for defendant. It is the claim of counsel for plaintiff that defendants' counsel was guilty of misconduct and the trial judge of abuse of discretion by refusing to withdraw a juror and continue the case; and that the verdict of the jury and judgment entered thereon are against the manifest weight of the evidence and contrary to law.

About 4:30 P. M. on August 23, 1950, plaintiff was a passenger on defendants' bus, which was traveling in a northerly direction in a long line of traffic in the second lane from the east curb of Broad Street, in the city of Conneaut (the most easterly lane being occupied by parked automobiles), when a northbound automobile cut into the second lane of traffic forcing the vehicles therein to stop. As the operator of defendants' bus was setting the hand brake, with which it was equipped, the bus was struck from the rear by another north bound automobile and driven into the automobile immediately in front of it and "ticked it." In the trial of her action in the court of common pleas plaintiff claimed personal injuries resulting allegedly from the negligence of the operator of defendants' bus in controlling it, "it went on a sudden stop," although she did not know the reason therefor.

In his opening statement to the jury counsel for defendant said that he expected the evidence to show that the operator of the automobile which "cut in" was as "described by our driver (bus operator) as a hot-rodder * * *." Counsel for plaintiff objected.

Ruling on plaintiff's objection the trial judge instructed the jury to disregard the statement, reminded them that counsel's statement was not evidence, and overruled plaintiff's motion to withdraw a juror and continue the case, after which counsel persisted in mentioning what he claimed the bus driver told him about the operator who "cut in" being "a hot-rodder." We do not approve the action of defendants' counsel, but cannot conclude that such misconduct was so prejudicial as

to warrant reversal, especially in the light of the admonition of the trial judge.

" * * If the trial court promptly intervenes by admonition to counsel and appropriate instruction and it appears that a verdict for the party represented by such offending counsel is clearly justified by the evidence, the verdict may be allowed to stand." **Golamb v. Layton, 154 Oh St 305.**

"Ohio permits the withdrawal of a juror and the continuance of a cause whenever, in the opinion of the trial court, justice requires this to be done." **39 O. Jur., Section 97, Page 676.**

Request for withdrawal of a juror is a matter addressed to the sound discretion of the trial judge. We find no abuse of discretion in this case. **39 O. Jur., Section 99, Page 678.**

" 'The trial judge who hears the arguments of opposing counsel is in a better position than the appellate court to determine whether he should interfere because of improper remarks, it being a matter within his sound discretion, and it is only where such discretion has clearly been abused that the Supreme Court will reverse the judgment for such cause.' " Golamb v. Layton, supra.

Counsel asks this court to reverse the judgment of the trial court and remand the case for a new trial on the ground that the collision could not have occurred as defendants contend:—

"* * * In order to reverse, the reviewing court must be fully and clearly satisfied from an examination of all the evidence and of the whole record, that the judgment is in fact unsupported by, or against the manifest weight of, the evidence, and the court will not be thus satisfied unless there projects from the record some fact or circumstance indicating that the jury lost its way and went in the wrong direction in reaching its verdict, resulting in error and injustice shocking to the senses and to the conscience of the court, and clearly showing that the jury misapprehended the facts or were influenced by sympathy, bias, prejudice, wilful disregard of duty, perversity, corruption, or other improper motives. In other words, there must be impressed upon the evidence a status which shows that the conclusion of the jury is unreasonable, improbable, and illogical to such a degree that it is possible to say that the testimony affords no reasonable foundation for the verdict or findings, or that unbiased, unprejudiced minds could not, from the evidence, have reached the conclusion which was reached by the jury or the trial court." **2 O. Jur., Page 1157, Section 635.**

"If upon any reasonable interpretation of evidence court could have properly reached conclusion represented by judg-

ment, it should not be disturbed." **Blair v. Riley, Exr., 37 Oh Ap 514.**

We cannot conclude that the verdict of the jury is against the manifest weight of the evidence.

"The mere occurrence of a jerk does not constitute evidence of negligence on the part of a common carrier of passengers in the operation of its cars." **Yager, Recr., v. Marshall, 129 Oh St 584.**

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, PHILLIPS, & NICHOLS, J, concur.